UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

       v.

DASHAY EARLSEY,

          Defendant.

**DECISION AND ORDER**

6:20-CR-06061 EAW

---

Currently pending before the undersigned is a *pro se* motion filed by defendant Dashay Earlsey ("Defendant") for early termination of supervised release pursuant to 18 U.S.C. § 3583(e).  (Dkt. 53).

Defendant was sentenced by the undersigned on November 18, 2020, to 41 months in prison followed by three years of supervised release, based on his conviction for conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.  (Dkt. 41).  According to a memorandum submitted by the United States Probation Office ("USPO") in response to the pending motion, Defendant commenced his supervised release term on July 1, 2022.  (Dkt. 56 at 1).  The USPO reports that Defendant appears to be in compliance with all terms and conditions of supervised release, but the USPO opposes the motion because of the length of time that Defendant has served on supervised release (less than 18 months) and "it is unclear at this time that the defendant will remain lawful beyond the term of supervision."  (*Id.* at 1-2).  The Court notes that at sentencing, Defendant was assessed as having a criminal history category of III based

- 1 -

on two prior misdemeanor drug convictions (including one that involved his probation being revoked).  (*See* Dkt. 35 at ¶¶ 59-61).  The United States Attorney's Office indicates that it agrees with the USPO and opposes early termination.  (Dkt. 55).

Section 3583(e)(1) of Title 18 of the United States Code states, in relevant part, as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

Here, Defendant has served the necessary time on supervised release to qualify for an early termination.  However, the circumstances do not justify granting early termination.  While Defendant has made significant progress while under supervision and appears to be doing quite well, given his prior history it is premature to be terminating his supervised release.  Thus, given the nature and circumstances of Defendant's offense, his history and characteristics, as well as the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from any further crimes that Defendant may commit, the Court concludes that granting Defendant's request for early termination of supervised release at this time would be inappropriate and inconsistent with the interest of justice.

Accordingly, Defendant's motion for early termination of supervised release (Dkt. 53) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      December 5, 2023
            Rochester, New York